IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM PEARSON
        Petitioner,

vs.                             3:05cv319/MCR/MD

STANLEY WALKER,
U.S. POSTMASTER,
        Respondent.

## **REPORT AND RECOMMENDATION**

        This cause is before the court upon referral from the clerk. Plaintiff initiated this cause through the filing of a pleading entitled "writ of mandamus" and a motion to proceed *in forma pauperis* on August 16, 2005. Plaintiff was ordered to supplement his motion to so proceed, and when the order directing him to do so was returned as undeliverable, the court entered a recommendation that this case be dismissed for his failure to keep the court apprised of his current address. (Doc. 6). This recommendation was subsequently vacated (doc. 9) after plaintiff filed objections to the recommendation along with the required *in forma pauperis* information. (Doc. 7 & 8). Leave to so proceed was granted, and plaintiff was directed to file an amended motion for writ of mandamus. (Doc. 9). He did (doc. 11), and because that motion still did not comport with the court's order, he was again directed to amend. (Doc. 14). Yet another deficient motion for writ of mandamus was docketed on November 30, 2005 (doc. 17), and plaintiff was again directed to file an amended motion. (Doc. 16). When he failed to respond, the court entered an order to show cause why this case should not be dismissed for plaintiff's failure to prosecute or comply with an order of the court. (Doc. 19).

In the court's order to show cause, it noted that plaintiff had filed another case with this court, (Case No: 3:06cv01/MCR/MD), in which he sought a writ of mandamus compelling this court to serve his legally deficient writs in the instant case and another case currently pending. (Case No: 3:05cv320/RV/EMT). The court also stated in the order to show cause that it had nearly ventured into the arena of providing legal assistance to the plaintiff in its attempts to explain the legal requirements of the writ of mandamus to the plaintiff so that his case could proceed, and that plaintiff's recalcitrance to heed this guidance was of his own choosing. Plaintiff was advised in no uncertain terms that "his failure to submit a legally sufficient writ will result in the dismissal of his case." (Doc. 19). Plaintiff did not respond to this order, and therefore his case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiff's failure to comply with an order of the court and failure to prosecute this action.

At Pensacola, Florida, this 3rd day of February, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:05cv319/MCR/MD*